**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000430
22-DEC-2016
09:12 AM**

NO. CAAP-15-0000430

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVID T. CHAPPELL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-14-00976)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant David T. Chappell (Chappell) appeals from the Judgment and Notice of Entry of Judgment, entered on April 29, 2015, in the District Court of the Second Circuit, Wailuku Division (District Court).[1]  The District Court found Chappell guilty of one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2015),[2] and one count of refusal to submit to breath, blood, or urine test, in violation of HRS § 291E-15 (Supp. 2015).

On appeal, Chappell argues that the District Court erred in convicting him of OVUII after erroneously admitting into evidence his Horizontal Gaze Nystagmus (HGN) test results without a sufficient foundation and, in the alternative, as substantive

---

[1]     The Honorable Blaine J. Kobayashi entered the Judgment.

[2]     HRS § 291E-61(a)(1) provides, "A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]"

evidence of impairment; and without the HGN results, there was insufficient evidence to support the conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chappell's points of error as follows.

Even without the HGN test results there was overwhelming, compelling evidence to support the conviction; therefore, any error on the part of the District Court in admitting evidence of the test results was harmless. See State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014), as corrected (Jan. 20, 2015), cert. granted, 2015 WL 1526201 (Haw. Apr. 2, 2015) (No. SCWC-12-0000897) and aff'd, 137 Hawai'i 161, 366 P.3d 636, No. SCWC-12-0000897 2016 WL 770253 (Feb. 25, 2016) (SDO); Hawai'i Rules of Penal Procedure Rule 52(a); State v. Toyomura, 80 Hawai'i 8, 27, 904 P.2d 893, 912 (1995); State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002).

Sergeant Nicholas Krau (Sergeant Krau) testified that when he first noticed Chappell's van, it was traveling at a high rate of speed. While speaking to Chappell, the officer noticed Chappell had red, watery eyes, red facial features, slurred speech, and a strong odor of liquor clearly coming from his breath and not his person or the van. When Chappell exited the van, he was unsteady on his feet and took a moment to gain his bearings while standing up on the level, dry roadway. In response to Sergeant Krau's specific questions, Chappell did not indicate he was under a doctor's care or had any physical disabilities or leg injuries or other issues that would prevent him from taking or affect his performance on the FSTs.

During the first part of the one-leg-stand test, Chappell raised his arms between twelve and eighteen inches and "fluctuated" his arms to help him balance, and he put his foot down to balance. During the second part, Chappell continually swayed, with his arms raised between twelve and eighteen inches and fluctuating to help him balance, put his foot down to

2

balance, and said, "I can't do this.  I obviously drank too much."  He did not complete the test.

Sergeant Krau testified that based on his observations, there was absolutely no doubt in his mind that Chappell was impaired and unable to operate a vehicle safely on the roadway. See State v. Ferrer, 95 Hawai'i 409, 429, 23 P.3d 744, 764 (2001) ("[I]t is permissible for a police officer to testify as a lay witness about his or her observations of a defendant's performance on various FSTs and to give an opinion, based on such observations, that the defendant was intoxicated.").

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on April 29, 2015, in the District Court of the Second Circuit, Wailuku Division is affirmed.

DATED:  Honolulu, Hawai'i, December 22, 2016.

On the briefs:

Merlinda F.R. Garma,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Artemio C. Baxa,
Special Deputy Prosecuting
Attorney, and
Brandon M. Segal,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge